■ JEREMIAH J. DORAN, JR., Respondent, v PETER F. COHALAN et al., Appellants. (Action No. 1.) TRICOM SYSTEMS, INC., Respondent, v PETER F. COHALAN et al., Appellants. (Action No. 2.) BERNARD L. BURTON, Respondent, v PETER F. COHALAN

et al., Appellants. (Action No. 3.)—In three defamation actions, the defendants appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), dated June 21, 1985, which denied their respective motions in each action for summary judgment on the ground of absolute executive privilege.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff in action No. 2, Tricom Systems, Inc. (hereinafter Tricom), whose president is Bernard Burton (the plaintiff in action No. 3) and whose secretary treasurer is Jeremiah Doran (the plaintiff in action No. 1) was awarded a contract by Suffolk County in June 1981 to install a video arraignment system linking certain District Court buildings to police precincts via closed circuit television. Early in February 1983 *Newsday* published a series of articles dealing with the video arraignment system. The articles alleged, *inter alia,* that the Administrative Judge of Suffolk County's District Courts aided Tricom in obtaining the contract and that its cost was excessive. The final installment of the series appeared on February 10, 1983. *Newsday* contacted the defendants, Peter Cohalan and Joseph Caputo, the Suffolk County Executive and Comptroller respectively, seeking their comments on the allegations. According to an article appearing in *Newsday* on February 11, 1983, Cohalan stated that he was planning to withhold funds owed to Tricom on the contract because of questions about the firm's relationship with the court's Administrative Judge and that he wanted "someone who is not under a cloud of suspicion" to complete the job. Caputo stated that he was disturbed by Tricom's "high profit factor", that "Tricom was a shell, set up as a middleman to make a hell of a profit" and that "[t]hey had the right rabbi in the right place".

Each of the plaintiffs commenced one of three identical defamation actions and the defendants answered asserting, *inter alia,* the defenses of absolute and qualified privilege. The defendants then moved for summary judgment on the ground that the cause of action asserted in each complaint had no merit. In their motion papers the defendants urged dismissal of the plaintiffs' complaints exclusively on the ground of "executive absolute privilege". Special Term's denial of the defendants' motions is the subject of this appeal.

Special Term did not err in denying the defendants' motions. Absolute privilege is based upon the personal position or status of the speaker and is limited to the speaker's official participation in the processes of government *(Park Knoll*

*Assoc. v Schmidt,* 59 NY2d 205, 209). Complete immunity from liability for defamation is afforded to " 'an official [who] is a principal executive of State or local government or is entrusted by law with administrative or executive policy-making responsibilities of considerable dimension' *(Stukuls v State of New York,* 42 NY2d 272, 278), with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties (see *Sheridan v Crisona,* 14 NY2d 108, 113; *Lombardo v Stoke,* 18 NY2d 394)" *(Clark v McGee,* 49 NY2d 613, 617).

The first prong of that test, which involves the personal position or status of the speaker, was satisfied here, since the defendants were the Suffolk County Executive and its Comptroller *(see, e.g., Cosme v Town of Islip,* 63 NY2d 908; *Ward Telecommunications & Computer Servs. v State of New York,* 42 NY2d 289).

However, the second prong, which requires an examination of the subject matter of the statement and the forum in which it is made in the light of the speaker's public duties *(see, Clark v McGee, supra,* at pp 620-621), was not satisfied. The subject matter of the allegedly defamatory comments made by the defendants was related to their public duties. The defendants Cohalan and Caputo as Suffolk County Executive and Comptroller, respectively, were concerned with the expenditure of public funds and the possibility that fraud had been committed upon the county *(cf. Clark v McGee, supra,* at p 621). However, their comments were public and not made during the performance of an essential part of their duties *(cf. Clark v McGee, supra,* at p 620). We find unpersuasive on this record the defendants' contention that the *Newsday* article series constituted a direct attack upon the integrity of the county government impelling a public response by them *(cf. Lombardo v Stoke,* 18 NY2d 394, 400).

We decline to consider the defendants' claim for summary judgment on the ground of qualified privilege, since that ground was not asserted in their motion papers at Special Term *(see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757). Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.