■ JOHN M. BISACCIA, Appellant, v ROBERT FUNICELLO, Respondent.—In an action to recover damages for defamation, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered November 20, 1987, which, upon an order dated November 12, 1987, granting the motion of the defendant Robert Funicello for summary judgment dismissing the complaint, is in favor of the defendant and against him.

Ordered that the judgment is affirmed, with costs.

The doctrine of absolute privilege is founded "upon the personal position or status of the speaker and is limited to the speaker's official participation in the processes of government" *(Park Knoll Assocs. v Schmidt,* 59 NY2d 205, 209; *see also, Doran v Cohalan,* 125 AD2d 289, 290, *lv dismissed* 69 NY2d 984).* "[A]n official [who] is a principal executive of State or local government or is entrusted by law with administrative or executive policy-making responsibilities of considerable dimension" will be provided complete immunity from liability for defamation *(Stukuls v State of New York,* 42 NY2d 272, 278) regarding statements or comments uttered "during the discharge of those responsibilities about matters which come within the ambit of those duties" *(Clark v McGee,* 49 NY2d 613, 617; *see also, Cosme v Town of Islip,* 63 NY2d 908, 909; *Baumblatt v Battalia,* 134 AD2d 226, 228, 229).

Robert Funicello, as an executive officer of a local government, enjoyed an absolute privilege *(see, Clark v McGee, supra;* Village Law § 4-400). When presented with evidence that the plaintiff could be involved in ticket fixing and towing kickback schemes, he acted properly in presenting these matters to a closed session of the village board of police commissioners. Accordingly, he was entitled to judgment as a matter of law.

In view of the foregoing, we need not reach the defendant's remaining contention. Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.