■ JOHN GREANEY, Respondent, v FERNANDO FERRER et al., Appellants, et al., Defendant. [718 NYS2d 58] —Order, Supreme

Court, New York County (Joan Madden, J.), entered April 17, 2000, which, in an action for defamation, denied defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The complaint alleges that in the course of a political campaign, when defendant Ferrer took credit for the closing of a hospital waste incinerator, defendant's rival for office, for whom plaintiff was working as campaign manager, responded that the incinerator would never have been built in the first place had defendant not supported its construction nine years before. Defendant and his subordinate, also a defendant, in turn responded with statements, published in newspapers, that plaintiff, who was in defendant's employ at the time the incinerator was proposed, was "encouraged to resign" because he "botched" review of the incinerator proposal in recommending it to defendant, "drafted the letter" that approved the incinerator, "didn't do his job" in "piggybacking on letters of support from the community board" rather than doing "his own research," reported to defendant on the project in a manner that was "misleading," "violated the code of ethics" and had "other problems." Plaintiff sues for defamation, alleging that while in defendant's employ he never discussed the incinerator with defendant, was never approached by Federal authorities who subsequently investigated the incinerator for corrupt influences, and otherwise never had anything to do with it.

The statements in issue do not enjoy an absolute privilege since they were made in the context of a political campaign, rather than during defendant's performance of his public duties, and thus lacked the requisite connection with those duties (*see, Cheatum v Wehle*, 5 NY2d 585, 593-594; *Clark v McGee*, 49 NY2d 613, 620; *see, Doran v Cohalan*, 125 AD2d 289, *lv dismissed* 69 NY2d 984). Nor do the statements in issue constitute nonactionable opinion, asserting as they did the unambiguous, objectively ascertainable alleged falsehoods that plaintiff had reviewed and recommended the incinerator to defendant (*see, Steinhilber v Alphonse*, 68 NY2d 283, 292; *Gross v New York Times Co.*, 82 NY2d 146, 154-155). We also reject defendant's claim that the statements in issue charge plaintiff with only a single instance of error and therefore are not actionable without allegations of special damages (*see, Armstrong v Simon & Schuster*, 85 NY2d 373, 379, n 5, *affg* 197 AD2d 87, 91-92). Concur—Wallach, J. P., Lerner, Andrias and Buckley, JJ.