■ Tom A. Radow, Respondent, v Michael J. Weiss, Defendant, and Earline Shipper, Appellant. [733 NYS2d 488] —In an action, *inter alia,* to recover damages for defamation, the defendant Earline Shipper appeals from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated September 15, 2000, as denied those branches of her motion which were for summary judgment dismissing the causes of action to recover damages for defamation, malicious prosecution, and abuse of process insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the alleged defamatory statement, although made at a public meeting over which she was presiding as mayor, was not related to her official duties as mayor. Thus, the statement was not privileged (*see, Clark v McGee,* 49 NY2d 613, 618-619; *Stukuls v State of New York,* 42 NY2d 272, 278; *cf., Bisaccia v Funicello,* 149 AD2d 645). Moreover, the appellant failed to establish that the plaintiff was a public figure and that the plaintiff therefore would have to prove that she acted with constitutional malice when making the statement (*see generally, Gertz v Robert Welch, Inc.,* 418 US 323: *Huggins v Moore,* 94 NY2d 296; *Goldreyer Ltd. v Dow Jones & Co.,* 259 AD2d 353; *Dameron v Washington Mag.,* 779 F2d 736, *cert denied* 476 US 1141). Thus, the Supreme Court properly denied that branch of her motion which was for summary judgment dismissing the defamation cause of action.

Furthermore, the Supreme Court properly denied those branches of the appellant's motion which were for summary judgment dismissing the malicious prosecution and abuse of process causes of action. Triable issues of fact exist as to

whether the appellant initiated an Internal Revenue Service investigation of the plaintiff, whether the investigation terminated in favor of the plaintiff, whether the appellant had cause for initiating the investigation, and whether her actions were motivated by malice (*see, Curiano v Suozzi,* 63 NY2d 113, 116; *DeFilippo v County of Nassau,* 183 AD2d 695). Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.