■ ALISON R. MINTON, Appellant, v THE WINGS CLUB et al., Respondents. [838 NYS2d 913]—Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 20, 2006, which, on a motion by plaintiff to reargue an earlier order, same court and Justice, entered November 21, 2005, adhered to the prior order dismissing all claims except a portion of the seventh cause of action for libel against defendants McKinnon and The Wings Club and granted the motion by defendants Bakes and McKinnon for attorneys' fees, unanimously modified, on the law, to the extent that the seventh cause of action may also be supported with evidence of statements that plaintiff is responsible for the embezzlement and allowed it to happen, and to deny the motion by defendants Bakes and McKinnon for attorneys' fees pursuant to Administrative Code of the City of New York § 8-502, and otherwise affirmed, without costs.

We agree with the motion court that the evidence does not support plaintiff's claim that she was subjected to sexual harassment in the form of either quid pro quo or hostile work environment (cf. Carrero v New York City Hous. Auth., 890 F2d 569, 577-579 [2d Cir 1989]). However, we do not view plaintiff's claims as the type of frivolous or vexatious litigation that warrants an award of attorneys' fees against her (see Tancredi v Metropolitan Life Ins. Co., 378 F3d 220, 228 [2d Cir 2004]).

We also agree with the motion court's denial, in part, of summary judgment dismissing the seventh cause of action, for defamation, except to the extent the court precluded reliance on the statements that she was responsible for the embezzlement and allowed it to happen. It was inaccurate to characterize those statements as nonactionable opinion (see Greaney v Ferrer, 278 AD2d 154 [2000]). Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.