■ TRIANTAFYLLOS THANASOULIS et al., Appellants, v NATIONAL ASSOCIATION FOR THE SPECIALTY FOODS TRADE, INC., et al., Respondents. [640 NYS2d 562] —Orders, Supreme Court, New York County (Ira Gammerman, J.) entered on or about March 22, 1995, which granted defendants' motion for summary judgment and dismissed the complaint, unanimously affirmed, without costs.

During the 38th Summer International Fancy Food and Confection Show in Washington, D.C., defendant Roberts, who is the Executive Director of the show's sponsor, defendant National Association for the Specialty Foods Trade, Inc. ("NASFT"), was informed by one of NASFT's members of what she thought might be a potential problem with the creditwor-

thiness of plaintiffs, owners of a gourmet food shop who were attending the NASFT trade show for the first time. After questioning his informant about the basis of her concern, Roberts drafted a written statement, referred to by the parties as an Exhibitor Alert, that he then had defendant Association Exposition Services ("AE&S"), an unincorporated division of defendant Reed Publishing (USA) Inc., hired to produce the trade show, distribute the statement to the other exhibitors-vendors at the NASFT trade show.

On appeal, plaintiffs concede that the communication at issue fell within the parameters of the conditional, or qualified "common interest" privilege (*see, Liberman v Gelstein*, 80 NY2d 429; 2 PJI 3:32 [1996 Supp]). Plaintiffs argue, however, that the IAS Court erred in concluding that there are no triable issues of malice, which, if resolved in their favor, would permit a jury to conclude that defendants had abused the conditional privilege, thus uncloaking them of its protection (*supra*).

Before a court may "grant summary judgment it must clearly appear that no material and triable issue of fact is presented * * * This drastic remedy should not be granted where there is any doubt as to the existence of such issues * * * or where the issue is 'arguable' * * * 'issue-finding, rather than issue-determination, is the key to the procedure' [citations omitted]" (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404). Viewing the extant record in the light most favorable to plaintiffs, we agree with the IAS Court that, while it may have been negligent of defendant Roberts to draft the Exhibitor Alert without first consulting with plaintiffs, even if all disputed factual issues are resolved in plaintiffs' favor, they have failed to demonstrate either constitutional or common-law malice (*Liberman v Gelstein, supra*, at 438).

The constitutional malice standard is satisfied if the plaintiff establishes that the defendant acted with knowledge that the statement was false or reckless disregard of its falsity (*New York Times Co. v Sullivan*, 376 US 254, 279-280; *Liberman v Gelstein, supra*, at 437-438). In the instant case, there is not a scintilla of evidence in the record to suggest that either Roberts, the author of the defamatory statement, or any other defendant, knew the statement was false when made. To establish that a statement was made with a reckless disregard for its falsity, a plaintiff must show that the " 'statements [were] made with [a] high degree of awareness of their probable falsity' " (*supra*, at 438, quoting *Garrison v Louisiana*, 379 US 64, 74) or that the defendant in fact entertained serious doubts as to its truth (*St. Amant v Thompson*, 390 US 727, 731). The

Court of Appeals has observed that "there is a critical difference between not knowing whether something is true and being *highly aware that it is probably false. Only the latter establishes reckless disregard in a defamation case*" (*Liberman v Gelstein, supra,* at 438; emphasis added). With this caveat in mind, we conclude that the IAS Court properly concluded that the record is devoid of evidence, which, if credited by a jury, would permit the jury to conclude that defendants acted with reckless disregard for the truth of the contents of the Exhibitor Alert. While we recognize the economic harm allegedly caused to plaintiffs by Roberts' communication to the other exhibitors-vendors, it would be inappropriate to substitute sympathy for plaintiffs' plight for proof in admissible form that Roberts was "highly aware" that what his informant told him was probably false or that he in fact entertained serious doubts as to its truth.

Common-law malice requires a showing of "spite or ill will" (*Liberman v Gelstein, supra,* at 437; *see also,* 2 PJI 3:32 [1996 Supp]). Furthermore, a triable issue of common-law malice is raised only if a jury could reasonably conclude that " 'malice was the one and cause for the publication' " of the allegedly defamatory statement only (*supra,* at 439, quoting *Stukuls v State of New York,* 42 NY2d 272, 282). Here, the only reasonable view of the evidence is that one of Roberts' primary motivations in drafting and having AE&S circulate the Exhibitor Alert, if not the only motivation, was to communicate in an expedient way a concern that had been brought to his attention by one of his exhibitors-vendors regarding the creditworthiness of one of the trade show's attendees. In sharing this information with the other exhibitors-vendors without conducting the level of investigation urged by plaintiffs, Roberts may have acted negligently, but not with common-law malice.

Given the absence of proof of constitutional or common-law malice, the IAS Court properly concluded that, as a matter of law, plaintiffs could not prevail at trial in their efforts to defeat the conditional "common interest" privilege. Under these circumstances, the IAS Court did not err in granting summary judgment in favor of defendants.

In light of the foregoing, we do not reach AE&S' alternative arguments for summary judgment in their favor. Concur— Milonas, J. P., Rosenberger, Rubin, Kupferman and Mazzarelli, JJ.