■ DANIEL GOLDREYER, LTD., et al., Respondents, v Dow JONES & COMPANY, INC., Doing Business as THE WALL STREET JOURNAL, Appellant, et al., Defendants. [687 NYS2d 64] —Judgment, Supreme Court, New York County (Edward Greenfield, J.), entered July 9, 1998, which denied defendant-appellant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff is an art restorer, controversial and well-known in the profession, but not outside of it. This libel action arose as the result of his use of certain questionable techniques in the restoration of a valuable painting for a Dutch museum and the brief, droll article published by defendant Dow Jones reporting on the ensuing controversy. The alleged defamatory statements include the headline, the three mock-melodramatic lead questions, and a paragraph regarding the conclusion of a forensic laboratory.

Pursuant to the analysis set forth in *Waldbaum v Fairchild Publs.* (627 F2d 1287, *cert denied* 449 US 898) and *Dameron v Washington Mag.* (779 F2d 736, 743, *cert denied* 476 US 1141), we conclude that the circumstances here resulted in plaintiff being cast as an involuntary limited purpose public figure. As such, in order to prevail on his motion for summary judgment, he must prove "that a reasonable jury might find that actual malice ha[s] been shown with convincing clarity" (*Anderson v Liberty Lobby*, 477 US 242, 257; *Freeman v Johnston*, 84 NY2d 52, 56-57, *cert denied* 513 US 1016). "Actual malice" has been defined as making an alleged false statement with knowledge that it was false or with reckless disregard as to whether it was false or not (*New York Times Co. v Sullivan*, 376 US 254, 279-280; *Thanasoulis v National Assn. for Specialty Foods Trade*, 226 AD2d 227, 228-229).

The record clearly reveals the absence of evidence suggesting

awareness by the Dow Jones defendants that any statements in the article were false or that the article was published with reckless disregard for the truth. Consequently, such conduct by defendant cannot be established with clear and convincing proof. Moreover, the fact that plaintiff never responded to the reporter's telephone message and that the forensic laboratory report was written in Dutch meant that two additional sources of information were foreclosed to the reporter; nevertheless, the article accurately stated that while plaintiff denied using house paint on the canvas, he admitted coating it with a sealant. Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ. [*See,* 178 Misc 2d 308.]