■ In the Matter of the Estate of EZRA M. GREENSPAN, Deceased. KAREN LIND et al., Appellants, v EDITH WOLF GREENSPAN, Respondent, et al., Defendant. KAREN LIND et al., Appellants, v EDITH WOLF GREENSPAN, Respondent. [913 NYS2d 20]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered on or about June 30, 2009, which denied petitioners' motion for leave to amend the petition to add a cause of action for conversion of assets held in a convenience account and a cause of action for the erroneous deposit of a $200,000 check into the account, unanimously affirmed, without costs. Appeal from order, same court and Surrogate, entered on or about March 19, 2010, which granted petitioners' motion

purporting to seek reargument, and, upon reargument, adhered to the original determination, unanimously affirmed, without costs. Order, Supreme Court, New York County (Louis B. York, J.), entered July 20, 2009, which, to the extent appealed from, granted defendant Edith Wolf Greenspan's motion for summary judgment dismissing the causes of action for wrongful death and punitive damages, unanimously affirmed, without costs.

The Surrogate correctly found that the relation-back doctrine does not save the proposed amended petition from being barred by the statute of limitations. The original petition alleges a joint account and a fraudulent deposit of $200,000 into the account for the benefit of respondent, the surviving tenant thereof. The proposed amended petition alleges, contradictorily, a convenience account and a $200,000 deposit made by mistake. Thus, the original pleading does not give notice of the transactions or occurrences to be proved pursuant to the amended pleading (CPLR 203 [f]).

In the absence of a challenge to the grant of petitioners' motion for reargument (see DeSoignies v Cornasesk House Tenants' Corp., 21 AD3d 715, 718 [2005]), we will consider the arguments advanced therein. The Surrogate properly adhered to her original determination on the alternate ground of undue prejudice to respondent caused by petitioners' long delay in moving to amend, for which petitioners, who were aware of the potential for a claim involving a convenience account since at least December 2005, offered no excuse (see Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc., 4 AD3d 290 [2004]).

Plaintiffs failed to raise an issue of fact in opposition to defendant's motion for summary judgment in the wrongful death action. Their medical expert offered only conclusory assertions and failed to address the findings of the medical examiner who performed the autopsy on the decedent (see e.g. Lynn G. v Hugo, 96 NY2d 306, 310 [2001]; Abalola v Flower Hosp., 44 AD3d 522 [2007]). Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.