■ VERITAS CAPITAL MANAGEMENT, L.L.C., et al., Appellants-Respondents, v THOMAS J. CAMPBELL, Respondent-Appellant. THOMAS J. CAMPBELL, Respondent-Appellant, v ROBERT B. McKEON et al., Appellants-Respondents. [918 NYS2d 448]—

As Campbell is a Connecticut resident, his breach of fiduciary duty claim is barred unless it is timely under the shorter of the New York or Connecticut statutes of limitation (*Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525 [1999]). Under New York law, his claim for money damages, which only incidentally involves misrepresentations, is governed by a three-year statute of limitations (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132 [2009]). Connecticut's statute is also three years. Contrary to Campbell's assertion, defendant's express announcement that he was engaged in the precise misconduct complained of precludes any equitable tolling under New York or Connecticut law (*Shared Communications Servs. of ESR, Inc. v Goldman, Sachs & Co.*, 38 AD3d 325 [2007]), as well as any "course of conduct" tolling under Connecticut law (*Fenn v Yale Univ.*, 283 F Supp 2d 615, 638 [D Conn 2003]). As such, the claim is time-barred.

Campbell did adequately plead an oral contract with McKeon and a breach of it. The fact that the terms and validity of the contract are in dispute allows Campbell to plead a parallel quantum meruit claim (*Henry Loheac, P.C. v Children's Corner Learning Ctr.*, 51 AD3d 476 [2008]). Moreover, his claim for judicial dissolution, based on his allegation that he formed a partnership with McKeon, without a writing and for an indefinite duration, was also properly allowed to stand (*Briscoe v White*, 34 AD3d 712 [2006]). Campbell failed to plead that his employment agreement had a fixed duration, and thus he was an at will employee (*Murphy v American Home Prods. Corp.*, 58 NY2d 293 [1983]). Nor does his status as a member of an LLC alter his at will status (*Ingle v Glamore Motor Sales*, 73 NY2d 183, 189 [1989]). However, Campbell does plead a claim that, if terminated without cause, he nonetheless vests in his income allocation under the vesting schedule of the Veritas LLC operating agreement.

In the Veritas action, Veritas' claim for breach of the duty of loyalty was properly dismissed. That claim is available only where the employee has acted directly against the employer's interests—as in embezzlement, improperly competing with the current employer, or usurping business opportunities (*Sullivan & Cromwell LLP v Charney*, 15 Misc 3d 1128[A], 2007 NY Slip Op 50889[U] [2007]). There is no such allegation here.

The IAS Court erred in dismissing the claim for fraudulent inducement, because the misrepresentation was the concealment of Campbell's alleged breaches of the prior fund agreements, not his undisclosed intention not to perform the Fund II contracts (*cf. 767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75 [2004]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salam, JJ.