■ ANN JENNINGS-PURNELL, M.D., Appellant, v ERIC C. JENNINGS et al., Defendants, and RICHARD W. DONNER, Respondent.

(And a Third-Party Action.) [968 NYS2d 27]—Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered February 7, 2012, dismissing the amended complaint as against defendant Richard W. Donner, and bringing up for review an order and amended order, same court and Justice, entered November 21, 2011 and January 10, 2012, respectively, which granted defendant's motion to dismiss the amended complaint as against him, unanimously reversed, on the law, without costs, the judgment vacated, the motion denied, and the complaint reinstated as against defendant Donner. Appeals from the aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeal from order, same court and Justice, entered April 18, 2012, which denied plaintiff's motion to, among other things, vacate a prior order striking her motion to amend her amended complaint, unanimously dismissed, without costs, as moot.

Plaintiff's amended complaint, as supplemented by her affidavit in opposition to the motion to dismiss, stated a claim against defendant for notarial misconduct. Accordingly, the court should have denied the motion to dismiss the amended complaint (see *Embee Advice Establishment v Holtzmann, Wise & Shepard*, 191 AD2d 194 [1st Dept 1993]).

In light of the foregoing determination, the appeal from the order denying plaintiff's motion to vacate a prior order striking her motion to interpose a second amended complaint is moot. In any event, the motion should have been granted, as there is no dispute that plaintiff's counsel had a meritorious excuse for missing the argument date on the motion for leave to amend (see CPLR 5015 [a] [1]). Further, the proposed pleading sufficiently stated a claim for notarial misconduct. It also related back to the prior amended complaint for the purposes of the statute of limitations. While the prior amended complaint did not mention notarial misconduct, it clearly gave notice to defendant of the transaction and occurrence in which the notarial misconduct took place (see CPLR 203 [f]). Concur—Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.