■ Gentry T. Beach et al., Appellants-Respondents, v Touradji Capital Management, LP, et al., Respondents-Appellants. Touradji Capital Management, LP, et al., Counterclaim Plaintiffs-Respondents-Appellants, v Gentry T. Beach et al., Counterclaim Defendants-Appellants-Respondents. Touradji Capital Management, LP, et al., Counterclaim

Plaintiffs-Respondents-Appellants, v VOLLERO BEACH CAPITAL PARTNERS LLC, et al., Counterclaim Defendants-Appellants-Respondents, et al., Counterclaim Defendant. [36 NYS3d 637]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered April 18, 2014, which granted in part and denied in part counterclaim plaintiffs' motion to amend their counterclaims, unanimously modified, on the law and the facts, to deny so much of the motion that sought to add (1) an allegation to the breach of fiduciary duty counterclaim (count one) about plaintiff/counterclaim defendant Robert Vollero's conversation with plaintiff/counterclaim defendant Gentry Beach's lawyer, (2) an allegation to the breach of fiduciary duty counterclaim (count one) about Vollero's destruction of documents, as against Beach, and (3) a counterclaim for tortious interference with contract (count 10), as against Vollero, and otherwise affirmed, without costs.

The new counterclaim for tortious interference with defendant/counterclaim plaintiff Touradji Capital Management's contract with nonparty Benjamin Bram relates back to the original counterclaims (see CPLR 203 [f]; Jennings-Purnell v Jennings, 107 AD3d 513 [1st Dept 2013]; Giambrone v Kings Harbor Multicare Ctr., 104 AD3d 546, 548 [1st Dept 2013]). The original counterclaims gave plaintiffs ample notice that counterclaim plaintiffs were complaining about plaintiffs' allegedly false statements regarding Touradji Capital's dealings with Amaranth. Plaintiffs' alleged inducement of Bram to make false statements to an investigator about Touradji Capital's dealings with Amaranth, i.e., the new tortious interference counterclaim, is part and parcel of the Amaranth transaction or occurrence mentioned in the original counterclaims. However, the amended counterclaims lack factual allegations that Vollero induced Bram to breach his contract with Touradji Capital or that Vollero conspired with Beach with respect to this deed. Hence, Touradji Capital should not be allowed to assert this counterclaim against Vollero.

So much of the breach of fiduciary duty counterclaim as is based on plaintiffs' violation of rule 105 of Regulation M of the Securities Exchange Act of 1934 is subject to a three-year rather than a six-year statute of limitations (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 139 [2009]). Counterclaim plaintiffs' argument that the statute of limitations is six years may be considered for the first time on appeal because it does not depend on matter outside the record (*see generally Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc.*, 103 AD3d 565 [1st Dept 2013], *lv denied* 21 NY3d 866 [2013]). By contrast, their argument that this portion of their counterclaim did not accrue until they settled with the Securities and Exchange Commission in December 2011 depends on matter outside the record, namely, when they suffered damage by incurring costs to defend against the SEC's inquiry (*see Federal Ins. Co. v Distinguished Props. Umbrella Mgrs. Inc.*, 721 F Supp 2d 293, 298 [SD NY 2010]), so it will not be considered. We are not persuaded by counterclaim plaintiffs' argument that the statute of limitations was tolled between June 21, 2010 (when the court ordered them to wait until discovery was complete before amending their counterclaims) and September 26, 2013 (the completion of discovery).

The rule 105 allegation does not relate back to the original counterclaims, which gave plaintiffs no notice of this transaction or occurrence (*see e.g. Wright v Emigrant Sav. Bank*, 112 AD3d 401 [1st Dept 2013]; *Matter of Greenspan*, 78 AD3d 555, 556 [1st Dept 2010]). However, it relates back to plaintiffs' own complaint. The rule 105 allegation relates to Haynesville Shale, and part of plaintiffs' claim is based on that investment (*see Mintz & Fraade, P.C. v Docuport, Inc.*, 110 AD3d 496 [1st Dept 2013]; *Enrico & Sons Contr. v Bridgemarket Assoc.*, 252 AD2d 429, 430 [1st Dept 1998]).

Plaintiffs' violation of a securities regulation, which caused their employer to incur penalties, is "directly against the employer's interests" (*Veritas Capital Mgt., L.L.C. v Campbell*, 82 AD3d 529, 530 [1st Dept 2011], *lv dismissed* 17 NY3d 778 [2011]; *see also Stanley v Skowron*, 989 F Supp 2d 356, 362-363 [SD NY 2013]). Similarly, the allegation that Vollero destroyed his handwritten notes of his conversations with defendant/counterclaim plaintiff Paul Touradji, replacing them with word-processed versions that progressively became more favorable to plaintiffs, is, when viewed in the context of the overall counterclaim, sufficient to support a breach of fiduciary duty (*see Veritas*, 82 AD3d at 530). However, because these factual allegations only describe Vollero's actions, Touradji Capital should not be allowed to assert this allegation against Beach.

"A party may not invoke the attorney-client privilege where it involves client communications that may have been in furtherance of . . . an alleged breach of fiduciary duty" (*Art Capital Group LLC v Rose*, 54 AD3d 276, 277 [1st Dept 2008] [internal quotation marks omitted]). Because the referee determined that Vollero's conversation with Gentry's lawyer "was for his own representation," Vollero's conversation was privileged and did not violate his fiduciary duty to Touradji Capital, and therefore was not "directly against the employer's interests" (*see Veritas*, 82 AD3d at 530).

The court did not err by treating the spoliation counterclaim as a motion for sanctions (*see Lawrence v North Country Animal Control Ctr., Inc.*, 126 AD3d 1078, 1080 [3d Dept 2015]). This was not barred by law of the case since defendants/ counterclaim plaintiffs' earlier motion sought the ultimate sanction of dismissal of the complaint and plaintiffs' defenses to certain counterclaims, and the court's prior decision left open the possibility of lesser sanctions.

The court properly denied the defamation counterclaim amendment, because Touradji Capital did not allege the place where the statements were made (*see Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999]).

Plaintiffs were not prejudiced by the amendment of the counterclaims (*see e.g. Valdes v Marbrose Realty*, 289 AD2d 28, 29 [1st Dept 2001]).

The motion court providently exercised its discretion (*see Bardazzi v Smook*, 189 AD2d 691 [1st Dept 1993]) by not requiring counterclaim plaintiffs to shoulder the cost of any additional discovery necessitated by the amendments. Concur— Tom, J.P., Richter, Gische and Webber, JJ. 