Cliff Pozner, Plaintiff,

against
Fox Broadcasting Company, Defendant.


652096/2017

Attorneys for Plaintiffs: Ethan Y. Leonard, Esq. of The law offices of Neal Brickman, P.C.
Attorneys for Defendants: Michael Goettig, Esq. of Davis Wright Tremaine LLP


Saliann Scarpulla, J.

The following e-filed documents, listed by NYSCEF document number 11, 12, 13, 14, 15, 17, 18, 19, 20, 28, 29 were read on this application to/for Dismiss.
Upon the foregoing documents, it is
Plaintiff Cliff Pozner (Pozner) moves for an order, pursuant to CPLR 3211 (a) (7), dismissing defendant Fox Broadcasting Company's (Fox) counterclaims for failure to state a claim.
Pozner, a former executive vice president at Fox, was terminated from his employment there based on sexual harassment complaints from several current and former Fox employees. He brought this action for breach of his employment contract, and Fox counterclaimed for breach of contract, and of fiduciary duty, based on handbooks incorporated into the employment agreement setting forth Fox's policies and standards of conduct. Pozner contends that he did not violate any duty owed Fox, the handbooks were not actionable contracts, and Fox did not suffer damages.
Background [FN1]

From 1994 through 2016, Pozner was employed by Fox in various executive positions. From 2014 until his employment was terminated, he was employed in the capacity of Executive Vice President, Pricing, Planning and Inventory Management. 
On January 13, 2015, Pozner and Fox entered into a letter agreement, setting forth the terms and conditions of his employment. In this agreement, as throughout his prior employment by Fox, Pozner agreed to abide by, and was provided copies of, the policies set forth in both the [*2]Standards of Business Conduct (the Standards) and a document entitled Fox Facts. The Standards defined prohibited sex-based harassment, and required Pozner to refrain from harassing conduct, and to report such conduct by others to Fox's human resources or legal departments. Fox Facts stated that Fox did not tolerate sexual harassment by managers, supervisors, or co-workers, defined such harassment, and, again, required that members of management report such conduct to the company's human resources or legal departments. 
In August 2016, Fox received unsolicited internal complaints from two employees concerning Pozner's conduct towards them. Fox began investigations into the allegations, and during its investigation, Fox obtained information from other current and former employees corroborating the harassing conduct regarding the two female employees, as well as others. Fox interviewed Pozner on September 6, 2016, regarding the assertions and found him to be evasive and defensive. Based upon all of this, Fox determined that Pozner violated the Standards and the policies and expectations set forth in Fox Facts, including by repeatedly making unwelcome and inappropriate sexually explicit comments in the workplace, and terminated his employment on September 10, 2016. 
On April 19, 2017, Pozner commenced this action for breach of contract, and for discrimination based on his religion. Fox answered the complaint, and asserted two counterclaims. The first is for breach of contract based on Pozner's failure to abide by the policies set forth in the Standards and Fox Facts as he agreed to in his employment contract. The second is for breach of fiduciary duty, which allegedly included the duty to refrain from conduct inconsistent with Fox's policies regarding a harassment-free workplace. 
Pozner moves to dismiss the counterclaims, urging that he did not violate any duty owed to Fox under the faithless servant doctrine or as a breach of fiduciary duty, because he did not unfairly compete, divert business opportunities, or accept improper kickbacks, and their relationship is contractual not as fiduciaries. He asserts that the contract counterclaim must be dismissed because the employee manuals were not binding contracts.
Discussion
Fox's first counterclaim for breach of contract is sufficient to withstand dismissal. Pozner expressly agreed to comply with the Standards and Fox Facts, both of which were incorporated into his employment contract. Specifically, in paragraph 6 (b) of the contract, Pozner "agree[d] to abide by [the Standards] at all times during [his] employment by [Fox]" (exhibit A to declaration of Michael J. Goettig, Employment Contract at 2). In addition, his employment also was expressly "subject to [Fox's] policies contained in 'Fox Facts'" (id.). Because these policies and handbooks were plainly incorporated into the contract, Fox may bring a claim for breach of those policies and provisions. 
Contrary to Pozner's contention, the fact that he had no input in the drafting of the Standards and Fox Facts does not allow him to avoid their application. According to the allegations in the counterclaim, as an executive employee, he was familiar with Fox's workplace expectations, and he was provided with copies of the Standards beginning as early as 1998, and the Fox Facts as early as 2006. Finally, Fox has pleaded damages, and, in any event, nominal damages are available for a breach of contract.
Fox's breach of fiduciary duty counterclaim, however, is not tenable. Pozner had a contractual employment relationship with Fox. As a Fox executive and employee, he owed a duty of loyalty to Fox (see CBS Corp. v Dumsday, 268 AD2d 350, 353 [1st Dept 2000]), which bound him to exercise "the utmost good faith and loyalty in the performance of his duties" [*3](Western Elec. Co. v Brenner, 41 NY2d 291, 295 [1977] [internal quotation marks and citation omitted]). Further, he was prohibited from acting in any manner that was inconsistent with his agency (id.). 
This duty of loyalty, however, has only been extended to cases where the employee "act[s] directly against the employer's interests — as in embezzlement, improperly competing with the current employer, or usurping business opportunities" (Veritas Capital Mgt., L.L.C. v Campbell, 82 AD3d 529, 530 [1st Dept 2011]; Linder v Innovative Commercial Sys. LLC, 41 Misc 3d 1214[A] at * 6; 2013 NY Slip Op 51695[U] [Sup Ct, NY County 2013], affd 127 AD3d 670 [1st Dept 2015]; Sullivan & Cromwell LLP v Charney, 15 Misc 3d 1128[A] at * 6, 2007 NY Slip Op 50889[U] [Sup Ct, NY County 2007]). There are no such allegations against Pozner in the breach of fiduciary counterclaim.
Fox has failed to present, and I haven't found any New York case, in which sexual harassment by an executive, without more, forms the basis for a breach of the duty of loyalty claim, resulting in the employer's recovery of the employee's salary for the entire term of such conduct. Rather, Fox relies only on cases in other non-controlling jurisdictions, that are clearly distinguishable on their facts. 
For example, Astra USA, Inc. v Bildman (455 Mass 116 [2009], cert denied 560 US 904 [2010]), the Massachusetts court found that the chief executive officer and president of the plaintiff company had committed numerous breaches of his duty, not simply by pervasive sexual harassment of other employees, but also by the use of company funds to pay off harassed employees, threats to the harassed employees, destruction of company documents while its investigation was pending, and other serious financial improprieties involving company funds for inappropriate, personal expenses (id. at 123-124 & n13). The defendant was found liable by a jury for fraud, waste, conversion, and breach of fiduciary duty (id. at 117). 
The acts of disloyalty in Astra USA, Inc. v Bildman involved acts directly against the company's interests, including stealing company funds, destroying its property, erasing data from computers, and stealing financial records and other documents. There are no such acts alleged here. 
Colliton v Cravath, Swaine & Moore LLP (2008 WL 4386764, 2008 US Dist LEXIS 74388 [SD NY Sept 24, 2008, No. 08-CV-0400 (NRB)], affd 356 Fed Appx 535 [2d Cir 2009]), similarly is distinguishable. In that case, the plaintiff employee, upon his arrest while an associate of the defendant law firm, admitted in a plea allocution, that both immediately prior to and during his employment, he committed statutory rape of several girls as young as 13 years old (2008 WL 4386764 at * 2, 2008 US Dist LEXIS 74388 at * 7-8). 
The Colliton court found that Colliton's criminal conduct rendered him unable to fulfill the terms of his contract. It determined that, as an associate at a law firm, he had an obligation to conduct his practice in accordance with the ethical standards of the profession, which he did not, and, that his felonious criminal activity, which spanned several years both before and during his time at the firm, was a violation of his ethical duties under the state bar code (see Weider v Skala, 80 NY2d 628, 636 [1992]). The court held that given his ethical violations, Colliton was not able to work as an attorney, and thus, "his employment was the product of fraudulent concealment" (Colliton v Cravath, Swaine & Moore LLP, 2008 WL 4386764 at * 5, 2008 US Dist LEXIS 74388 at * 15). Again, there are no such allegations of fraud here, and the unique circumstances of Colliton's obligations as an attorney further distinguish that case.
As there are insufficient allegations in Fox's second counterclaim to support a cause of [*4]action for breach of fiduciary duty, the second counterclaim is dismissed for failure to state a claim.
In accordance with the foregoing, it is
ORDERED that the motion of plaintiff Cliff Pozner to dismiss the counterclaims of defendant Fox Broadcasting Company is granted to the extent that the second counterclaim is dismissed, and is otherwise denied.
This constitutes the decision and order of the Court.
Dated: April 2, 2018
Saliann Scarpulla, J.S.C.



Footnotes

Footnote 1: Unless otherwise specified, the factual background set forth herein is taken from the pleadings in this action.