Beach v Touradji Capital Mgt., LP (2024 NY Slip Op 00735)

Beach v Touradji Capital Mgt., LP

2024 NY Slip Op 00735

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Kennedy, Scarpulla, Rosado, JJ. 

Index No. 603611/08 Appeal No. 1637-1638-1639 Case No. 2023-00568, 2023-02364, 2023-02365 

[*1]Gentry T. Beach et al., Plaintiffs-Appellants-Respondents,
v
Touradji Capital Management, LP et al., Defendants-Respondents-Appellants, Vollero Beach Capital Partners et al., Defendants.

Dorf Nelson & Zauderer LLP, New York (Mark C. Zauderer of counsel), for appellants-respondents.
Latham & Watkins LLP, New York (Samir Deger-Sen of counsel), for respondents-appellants.

Orders, Supreme Court, New York County (Andrea Masley, J.), entered January 27, 2023, January 30, 2023, and May 9, 2023, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion to dismiss defendant-counterclaim plaintiff Touradji Capital Management LP's faithless servant affirmative defense to the extent the defense is predicated on the claim that plaintiffs are not entitled to compensation or bonuses because of the alleged faithless conduct of plaintiff Beach using his work email account to send offensive nonwork related emails, and granted the motion to dismiss defendants' breach of fiduciary duty counterclaim insofar as based on the alleged faithless conduct of sending the offensive emails, unanimously modified, on the law, to dismiss the faithless servant affirmative defense to the extent based on the conduct of sending the offensive emails, and otherwise affirmed, without costs.
Initially, the orders are presently appealable as a matter of right to the extent they, rather than making merely interlocutory evidentiary rulings concerning the admissibility of the offensive emails, made substantive legal rulings on plaintiffs' dismissal motion seeking to limit the bases upon which defendants could assert the faithless servant affirmative defense and breach of fiduciary counterclaim. These rulings addressed the merits of the controversy and affected substantial rights of the parties (see CPLR 5701[a] [2] [iv], [v]; Knafo v Mount Sinai Hosp., 184 AD3d 478 [1st Dept 2020]; Wall St. Assoc. v Brodsky, 295 AD2d 262, 263 [1st Dept 2002]).
Prior cases make clear that the faithless servant doctrine, which states that "an employee or agent who is faithless in the performance of his or her duties is not entitled to recover either salary or commission" (Two Rivs. Entities, LLC v Sandoval, 192 AD3d 528, 529 [1st Dept 2021]), provides the basis for an affirmative defense or claim for breach of duty of loyalty "where the employee has acted directly against the employer's interests - as in embezzlement, improperly competing with the current employer, or usurping business opportunities" (Veritas Capital Mgt., L.L.C. v Campbell, 82 AD3d 529, 530 [1st Dept 2011], lv dismissed 17 NY3d 778 [2011]; see also Barasch & McGarry, PC v Marcowitz, 219 AD3d 1242, 1242-1243 [1st Dept 2023]; Bluebanana Group v Sargent, 176 AD3d 408 [1st Dept 2019]).
The type of faithless servant conduct alleged here with respect to the sending of the offensive emails cannot, as a matter of law, provide the basis for such a defense or claim. Here, the emails by plaintiff Beach were part of a personal exchange between parties who were willing participants and do not rise to the level of faithless servant disloyal conduct that could be the basis for the affirmative defense or claim.
Accordingly, the court should have granted plaintiffs' motions insofar as they sought dismissal of the faithless servant affirmative defense to the extent based on the conduct of sending [*2]the offensive emails. Although allegations of faithless conduct may provide the basis for a breach of fiduciary duty claim or counterclaim, contrary to the trial court's ruling, even where, as here, the claim seeks to recover damages based exclusively on the employees' compensation and not based on the harm caused to the employer (see e.g. Bluebanana, 176 AD3d at 409; Art Capital Group, LLC v Rose, 149 AD3d 447 [1st Dept 2017]; Beach v Touradji Cap. Mgt., LP, 144 AD3d 557, 563 [1st Dept 2016]), dismissal of the counterclaim based on the sending of the emails was properly granted for the same reasons discussed above.
We decline to address plaintiffs' additional arguments for dismissing the affirmative defense or that seek to challenge other rulings in the orders that were evidentiary rulings not presently amenable to appeal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024