**Ogee NYC, Inc. v Lei**

2024 NY Slip Op 30580(U)

February 23, 2024

Supreme Court, New York County

Docket Number: Index No. 652757/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**
                                            *Justice*

PART                        **11M**

-----------------------------------------------------------------------------X

OGEE NYC, INC. D/B/A EVERTRUE MICROBLADING SALON,

                                        Plaintiff,

- v -

MANXIAN LEI, IDO MICROBLADING SALON, ELENA TSIAKLIS

                                        Defendant.

-----------------------------------------------------------------------------X

INDEX NO.              652757/2023

MOTION DATE            09/29/2023

MOTION SEQ. NO.          001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 19, 21, 23, 25, 27

were read on this motion to/for                          DISMISSAL                          .

This action arises out of allegations of breach of contract, misappropriation of confidential information, and unfair competition, *inter alia*. Upon the foregoing documents, defendants', Manxian Lei ("Lei") and Ido Microblading Salon ("Ido"), motion to dismiss the complaint is granted in part.

Plaintiff contends that defendant Lei, in breach of her employment contract, used confidential information to open a competing business, Ido Microblading. Plaintiff contends that defendant Lei, with the assistant of defendant Elena Tsiaklis, breached its fiduciary duty to plaintiff which resulted in monetary damages. Defendants Lei and Ido move to dismiss the complaint pursuant to CPLR § 3211(a)(1) and (7). Plaintiff opposes the instant motion.

Standard of Review

When considering a motion to dismiss based upon CPLR § 3211(a)(7), the court must accept the alleged facts as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts alleged fit into any cognizable legal theory. *Leon v.*

*Martinez*, 84 NY2d 83 [1994]. On a motion to dismiss the court "merely examines the adequacy of the pleadings", the court "accept as true each and every allegation made by plaintiff and limit our inquiry to the legal sufficiency of plaintiff's claim." *Davis v Boeheim*, 24 NY3d 262, 268

Under CPLR Rule 3211(a)(1) documentary evidence provides a basis for dismissing a cause of action "where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." *Goshen v Mutual Life Ins. Co. of NY*, 98 NY2d 314, 326 [2002].

The complaint asserts eight causes of action as against moving defendants. Defendants repeatedly contend that plaintiff has failed to establish various elements of the alleged causes of action, as such is not the standard on a motion to dismiss, the Court will address whether the complaint contains sufficient allegations for each cause of action.

### First and Second Causes of Action: Breach of Contract

Plaintiff's first and second causes of action allege that Lei breached its contract. First, by disclosing the confidential information obtained while employed and second, by opening Ido, a competing business, a violation of the non-compete clause in the contract.

Preliminarily, defendants contend that the contract is unenforceable and that portions of the contract are overly broad. Defendants have failed to establish *prima facie* showing that the underlying contract is unenforceable. The first case cited to support its contention that the agreement is unenforceable, specifically states "**absent restrictive covenant not to compete,** an employee is free to compete", p. 5 of defendants' memorandum of law citing *Walter Karl, Inc. v Wood*, 137 AD2d 22, 27 [2d Dept 1988] emphasis added. Here, there is not an absence of a restrictive covenant, rather the basis of the underlying action is the alleged breach of that covenant.

[* 2]

It is well established to recover damages for breach of contract, plaintiff must show (1) the existence of a valid, enforceable contract between the parties (2) the plaintiff's full performance thereunder (3) the defendant's breach of the contract and (4) resulting damages. (*see Detringo v South Island Family Medical LLC*, 158 AD3d 609 [2nd Dept 2018]). Contrary to defendants' contention, plaintiffs have sufficiently alleged a breach of contract.

Defendants have not established on this motion that the contract is void or unenforceable, however based on the contention the Court finds that plaintiff's quasi contractual claim of unjust enrichment, the fifth cause of action, as against defendants Lei and Ido, survives the instant motion to dismiss. Further, the Court finds that the complaint adequately pleads a breach of contract cause of action, thus the motion to dismiss the first and second causes of action is denied.

### Third Cause of Action: Misappropriation of Confidential Information

To establish a cause of action alleging misappropriation of trade secrets, a plaintiff must allege "(1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means" *Schroeder v Pinterest Inc.*, 133 AD3d 12, 27 [1st Dept 2015] (internal quotation marks citations omitted). "A trade secret is any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it" *id* (internal quotation marks and citations omitted). To determine whether information constitutes a trade secret several factors should be considered,

> "(1) the extent to which the information is known outside of [the]
> business; (2) the extent to which it is known by employees and
> others involved in [the] business; (3) the extent of measures taken
> by [the business] to guard the secrecy of the information; (4) the
> value of the information to [the business] and [its] competitors; (5)
> the amount of effort or money expended by [the business] in

developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others".

*Id*. Whether information is in fact a trade secret is generally a question (*Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]).

Here, the Court finds that the complaint does allege sufficient facts and allegations to establish that information maintained by plaintiff, namely the client lists with contact information and the services received, constitute trade secrets, at this stage in the litigation. Further, the allegations that defendants used this information and that it was obtained solely on the basis of its confidential relationship with plaintiff are sufficient to survive the instant motion. Accordingly, the portion of the motion to dismiss the third cause of action is denied.

## Fourth Cause of Action: Unfair Competition

Defendants seek to dismiss the fourth causes of action on the grounds that it is duplicative of the breach of contract claim and misappropriate of confidential information cause of action. Further, defendants contend that the complaint fails to state a cause of action.

The complaint alleges that Lei used plaintiff's confidential information and client relationships to establish Ido and could not have done so without this knowledge. Here, the Court finds that the complaint adequately states a cause of action for unfair competition (*see EVEMeta, LLC v Siemens Convergence Creators Corp.*, 173 AD3d 551, 553 [1st Dept 2019]). Accordingly, the portion of the motion that seeks dismissal of the fourth cause of action is denied.

## Sixth Cause of Action: Breach of Fiduciary Duty

In order to adequately plead a cause of action, plaintiff must allege the existence of a fiduciary relationship, misconduct by the defendant and damages caused by the misconduct. *See*

*Pokoik v Pokoik*, 115 AD3d 428, 429 [1st Dept 2014]. Pursuant to CPLR § 3016(b), where a cause of action alleges breach of trust, "the circumstances constituting the wrong shall be stated in detail".

It is well-settled that a "fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." (*Faith Assembly v Titledge of N.Y. Abstract, LLC*, 106 AD3d 47, 62 [2d Dept 2013]).

Here, the Court finds that the complaint fails to adequately allege that defendant owed plaintiff a fiduciary duty. The complaint alleges nothing more than Lei's status as a former employee to establish a fiduciary relationship. Accordingly, the sixth cause of action for breach of a fiduciary duty is dismissed.

**Seventh Cause of Action: Breach of Loyalty**

A claim for breach of loyalty is "available only where the employee has acted directly against the employer's interests - as in embezzlement, improperly competing with the current employer […]" (*Veritas Capital Mgt., L.L.C. v Campbell*, 82 AD3d 529, 530 [1st Dept 2011] internal citations omitted).

The Court finds that the complaint sufficiently alleges a cause of action against Lei for breach of loyalty. The complaint contains allegations of Lei's conduct while employed with the purpose and intent to improperly compete with her employer. As such, at the pleading stage, the seventh cause of action survives.

**Ninth Cause of Action: Attorney's Fees**

The agreement between the parties specifically provides that plaintiff may seek restitution, including attorney's fees for Lei's failure to comply with the agreement. Defendant

contends that this cause of action should be dismissed on the conclusory assertion that the contract is unenforceable and that she did not breach the agreement.

The Court finds that defendant Lei has failed to submit any irrefutable documentary evidence to dismiss this cause of action and the Court finds based on the plain language of the contract, the complaint adequately states a cause of action for attorney's fees. The Court has reviewed the parties remaining contentions and finds them unavailing. Accordingly, it is hereby

ORDERED that motion to dismiss is granted in part in that the sixth cause of action is dismissed.

20240223125951LFRANKC998C448A7F6457F970E20C40901D9B7

_____
**2/23/2024**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]