■ ART CAPITAL GROUP LLC et al., Appellants, v ANDREW C. ROSE et al., Respondents. [862 NYS2d 369]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 20, 2006, that, insofar as appealed from as limited by the briefs, in an action for unfair competition against former employees, denied so much of plaintiffs' motion to compel production of certain attorney-client communications between defendant Rose and his attorneys, unanimously affirmed, with costs. Order, same court and Justice, entered August 14, 2007, that, insofar as appealable, upon renewal, adhered to the October 20, 2006 order, unanimously affirmed, with costs.

Defendants Christopher Krecke and Andrew Rose were employees of plaintiffs and are now plaintiffs' competitors. Rose's departure from plaintiffs preceded Krecke's. Apparently, Krecke, while still in plaintiffs' employ, assisted Rose, who had left plaintiffs, in establishing Rose's competing business. Krecke

may have, inter alia, helped to obtain financing, offered business advice and participated in certain transactions. In this capacity, Krecke was copied on some e-mails and was an active correspondent on other e-mails that also involved communications with Rose's law firm Todtman, Nachamie, Spizz & Johns, P.C. (Todtman). The motion court ordered the production of all e-mails that included Krecke as a correspondent, holding that defendants had waived the privilege that otherwise existed between Rose and Todtman with respect to these documents by sending them to Krecke.

Plaintiffs had also sought production of documents between Rose and Todtman that did not copy Krecke under the crime/fraud exception to the attorney-client privilege on the theory that Krecke and Rose were engaged in a conspiracy to usurp plaintiffs' business opportunities and the documents solely between Rose and Todtman were in furtherance of that scheme. However, the court ruled that the crime/fraud exception was not available to pierce the privilege.

Discovery proceeded accordingly with defendants producing the documents the court had ordered them to produce, including the e-mails between Todtman and Rose that copied Krecke. Thereafter, plaintiffs used these documents to move to reargue and renew their prior motion to compel. Plaintiffs claimed that the new documents indicated that the privileged communications between Rose and Todtman furthered Rose and Krecke's fraudulent scheme to compete unfairly with plaintiffs. The court once again rejected plaintiffs' attempt to pierce the privilege. Plaintiffs argue that the court erred by rejecting their request to invoke the crime/fraud exception to the attorney-client privilege.

A party may not invoke the attorney-client privilege where "it involves client communications that may have been in furtherance of a fraudulent scheme, an alleged breach of fiduciary duty or an accusation of some other wrongful conduct" (*Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223, 224 [2003]).

Regardless of whether Krecke breached his duty of loyalty to his employer, defendants have already produced the e-mails between Rose and Todtman that involve Krecke. Nothing defendants have shown regarding Krecke would lead to claims involving Rose or Todtman, as neither of these defendants owed plaintiffs a fiduciary duty. Nor is there a showing that the e-mails between Rose and Todtman were in furtherance of the alleged breach of Krecke's duty of loyalty to his employer. Thus, refusing to allow plaintiffs to invade the privilege between Rose

and Todtman constituted a proper exercise of the court's broad discretion in the supervision of pretrial disclosure.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Gonzalez, J.P., Catterson, McGuire and Moskowitz, JJ.