■ HORIZON ASSET MANAGEMENT, INC., Respondent, v RAYMOND V. DUFFY, Defendant/Counterclaim Plaintiff-Appellant. MURRAY STAHL et al., Counterclaim Defendants-Respondents. [918 NYS2d 85]—

Defendant/counterclaim plaintiff Raymond Duffy was an employee of plaintiff Horizon Asset Management, Inc. After an SEC investigation, Horizon requested that defendant make several changes in the way he worked, so as to avoid misrepresentations and to avoid violations of the Investment Advisors Act of 1940. When defendant did not comply to plaintiff's satisfaction, plaintiff terminated his employment and brought the within action against him, alleging, inter alia, breach of fiduciary duty and breach of contract. Defendant counterclaimed, also alleging, inter alia, breach of fiduciary duty, and asserted that the SEC investigation had been used by plaintiff as a "cover" to "squeeze [him] out" of the benefits of a separate operating agreement allegedly in effect between the parties.

Prior to defendant's termination, Horizon consulted with its in-house counsel and retained outside counsel. Defendant seeks to obtain, inter alia, communications between Horizon and its counsel and testimony of counsel with respect to their advice surrounding defendant's termination.

Defendant failed to demonstrate that the requested communications were in furtherance of an alleged breach of fiduciary duty by Horizon to defendant. Thus, refusing to allow defendant to invade the attorney-client privilege between Horizon and its counsel constituted a proper exercise of the court's broad discretion in the supervision of pretrial disclosure (see Art Capital Group LLC v Rose, 54 AD3d 276 [2008]).

"[W]hether a particular document is or is not protected is necessarily a fact-specific determination . . . , most often requiring in camera review" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 378 [1991]). It was not an abuse of discretion for Supreme Court to deny in camera review of the privileged documents absent evidence to credit the allegation that the crime-fraud exception to the attorney client privilege applied (see Galvin v Hoblock, 2003 WL 22208370, *5, 2003 US Dist LEXIS *14-15 [SD NY 2003]; see also United States v Zolin, 491 US 554, 572 [1989]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, DeGrasse, Richter and Manzanet-Daniels, JJ.