■ ART CAPITAL GROUP, LLC, et al., Appellants, v ANDREW C. ROSE et al., Respondents. (And Another Action.) [52 NYS3d 85]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about July 13, 2016, which denied plaintiffs' motion for summary judgment as to liability and granted defendants' request to search the record and grant them summary judgment dismissing plaintiffs' claims, unanimously modified, on the law, to deny defendants' request to search the record and grant summary judgment as to the eleventh, twelfth, and fourteenth through seventeenth causes of action, and to deny defendants summary judgment dismissing so much of the second cause of action as is based on the transactions with Berry Hill Galleries/Coram Capital, LLC, Michael Antonello, George Newman, Holcombe Green, Paul Bennet (or Bennett), and Alan Milton/SageCrest, and otherwise affirmed, without costs.

Although their brief began and ended by saying that plaintiffs sought summary judgment on the *second amended complaint*, the brief, affidavit, affirmations, and statement of uncontested facts focused on the faithless servant doctrine, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. In searching the record upon defendants' request, the motion court properly reached the first through tenth and eighteenth through twenty-first causes of action (*see e.g. Siegel Consultants, Ltd. v Nokia, Inc.*, 85 AD3d 654, 656-657 [1st Dept 2011], *lv denied* 18 NY3d 809 [2012]). The second cause of action alleges breach of fiduciary duty against Christopher Krecke; the fourth alleges that Andrew Rose aided and abetted Krecke's breaches of fiduciary duty. While there is no claim labeled "faithless servant," that issue is related to the first through third, fifth through tenth, and eighteenth through twenty-first causes of action. Furthermore, defendants' papers

specifically mentioned trade secrets/confidential information, whether the names of defendant companies were confusingly similar to plaintiffs' names, lack of evidence that Krecke solicited clients or funding sources for Rose, and the lack of noncompete, confidentiality, or nonsolicitation agreements. The affidavit by plaintiffs' principal (Ian Peck) addressed the issue of fraud, which is the subject of the thirteenth cause of action.

By contrast, the eleventh, twelfth, and fourteenth through seventeenth causes of action neither were raised in the motion papers nor are related to the claims raised therein, and therefore the court lacked the power to reach them without a motion by defendants (see Dunham v Hilco Constr. Co., 89 NY2d 425, 427 [1996]; Baseball Off. of Commr. v Marsh & McLennan, 295 AD2d 73, 82 [1st Dept 2002]).

The court correctly denied plaintiffs' motion for summary judgment as to Krecke's liability under the faithless servant doctrine for breaching his fiduciary duty. It also correctly dismissed so much of the claim as was based on Krecke's finding a lawyer for Rose (it is law of the case [54 AD3d 276 (1st Dept 2008)] that this did not breach Krecke's fiduciary duty to plaintiffs), Krecke's alleged participation in setting up Rose's new entities (plaintiffs failed to rebut defendants' evidence that only Rose established those entities), and Krecke's alleged finding of office space for Rose's new entities (Krecke was not involved in the negotiations for the lease, and merely looking at office space does not constitute a breach of fiduciary duty).

However, defendants are not entitled to summary judgment dismissing so much of the faithless servant claim as is based on transactions involving Berry Hill/Coram, Antonello, Newman, Green, Bennet (or Bennett), and Milton/SageCrest.

With respect to Newman, there is a conflict between Krecke's deposition and Peck's, and a credibility issue may not be resolved on a motion for summary judgment.

Although Rose testified that Peck said he did not want to do the Bellows transaction for the Hills, neither Rose nor Krecke said that Peck expressly consented to Rose's doing that transaction (see Epstein Eng'g P.C. v Cataldo, 101 AD3d 552 [1st Dept 2012]).[1] Indeed, Peck's affidavit suggests that he would not have consented. The same is true for the transactions involving Green, Bennet (or Bennett), and Antonello. Moreover, Krecke admitted that he did not tell Peck that he was referring the Bennet/Bennett transaction to Rose.

---

1. We are not determining here that Krecke was actually a faithless servant or that the opportunities were actually diverted. A trier of fact will need to make those determinations.

It does not avail defendants that SageCrest's loan of money to Rose did not impact its lending to plaintiff Art Capital Group (*see Feiger v Iral Jewelry*, 41 NY2d 928 [1977]). It is reasonable to infer that information that their biggest lender was going to become their competitor's[2] lender "would be useful to [plaintiffs] in the protection and promotion of [their] interests" (*E. W. Bruno Co. v Friedberg*, 21 AD2d 336, 340 [1st Dept 1964] [internal quotation marks omitted]).

New York's strict application of the faithless servant doctrine "mandates the forfeiture of all compensation . . . where . . . one who owes a duty of fidelity to a principal is faithless in the performance of his services" (*Soam Corp. v Trane Co.*, 202 AD2d 162, 163-164 [1st Dept 1994], *lv denied* 83 NY2d 758 [1994]), and defendants cite no authority for their purported "friendly advice" exception to the faithless servant doctrine.

To the extent we are dismissing part of the claim that Krecke breached his fiduciary duty, Rose obviously cannot be liable for aiding and abetting. Even as to those parts of the faithless servant/breach of fiduciary duty claim that survive against Krecke, the aiding and abetting claim against Rose was correctly dismissed, because plaintiff failed to show damages (*see Kaufman v Cohen*, 307 AD2d 113, 125 [1st Dept 2003]). Concur—Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.

---

2. There is conflicting evidence as to whether defendants actually competed with plaintiffs. In a prior appeal, we said that Krecke and Rose "are now plaintiffs' competitors" (54 AD3d 276, 276 [1st Dept 2008]). However, we issued that decision before Peck made relevant admissions at his deposition in 2010.