Brook v Peconic Bay Med. Ctr. (2018 NY Slip Op 04432)





Brook v Peconic Bay Med. Ctr.


2018 NY Slip Op 04432


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


650921/12 -1565 6879N 6880N &

[*1] Adam Brook, M.D., Ph.D., et al., Plaintiffs-Appellants,
v
Peconic Bay Medical Center, et al., Defendants-Respondents, John Does #1-5, Defendants. 
Arch Insurance Group, Inc., Nonparty Respondent.
Adam Brook, M.D., Ph.D., et al., Plaintiffs-Appellants,
v
Peconic Bay Medical Center, et al., Defendants-Respondents, John Does #1-5, Defendants.


Adam Brook, appellant pro se.
Pryor Cashman LLP, New York (William Thomashower of counsel), for appellants.
Garfunkel Wild, P.C., Great Neck (Lauren M. Levine of counsel), for Peconic Bay Medical Center, Richard Kubiak, M.D., Daniel Massiah, M.D., Agostino Cervone, M.D., Jay Zuckerman, Joan Hoil, R.N., Daniel Hamou, M.D. and Andrew Mitchell, respondents.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains (Daryl Paxson of counsel), for Arch Insurance Group, Inc., respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 26, 2017, which granted nonparty Arch Insurance Group's motion to quash a subpoena served by plaintiffs and denied plaintiff Adam Brook, M.D., Ph.D.'s motion to compel compliance, unanimously affirmed, with costs. Order, same court and Justice, entered August 4, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiffs' request to compel production of documents withheld or redacted on the basis of attorney-client privilege or quality assurance review privilege, unanimously modified, on the law and the facts and in the exercise of discretion, to grant plaintiffs' request to the extent of ordering defendants to un-redact the names and identifying information of participants in the quality assurance review process, and otherwise affirmed, without costs.
Plaintiffs Adam Brook, M.D., Ph.D. (Brook), a cardiothoracic and general surgeon, and Adam Brook, M.D., Ph.D., P.L.L.C., bring suit against Brook's former employer, defendant Peconic Bay Medical Center (PBMC), and its employees, in connection with PBMC's filing of [*2]an Adverse Action Report (AAR) with the National Practitioner Data Bank. Nonparty Arch Insurance Group is PBMC's excess liability insurer.
Arch's motion to quash the subpoena served by plaintiffs was properly granted, because the documents sought are not relevant (see generally Forman v Henkin, 30 NY3d 656, 661 [2018]).
On appeal, plaintiffs narrow their request to PBMC's June 2014 and most recent loss runs, as well as all documents concerning Brook. However, even as so narrowed, the subpoena is impermissibly overbroad. It is undisputed that no malpractice claim was ever filed against Brook. Thus, it is unlikely that Arch would be in possession of any documents regarding him, apart from the loss runs, which primarily contain irrelevant information about malpractice incidents involving other doctors, extending back more than 10 years.
Plaintiffs contend that the loss runs will show that Brook was treated differently from other doctors employed by PBMC who were suspected of malpractice. However, PBMC's treatment of doctors suspected of malpractice is immaterial. Plaintiffs' claims in this suit are based on PBMC's alleged misrepresentations about the existence of an investigation and the filing of an AAR, and the AAR did not report plaintiff for malpractice but for resigning during an ongoing investigation (see 42 USC § 11133[a][1][B][i]; 45 CFR 60.12[a][1][ii][A]).
Because we find that the documents sought by the subpoena are not relevant, we need not reach the issue of whether they may properly be withheld as privileged or confidential.
We also find that the motion to quash was timely (see CPLR 3120[3]; CPLR 3122[a][1]; Matter of Brunswick Hosp. Ctr. v Hynes, 52 NY2d 333, 339 [1981]).
Plaintiffs' request to compel defendants to produce certain documents withheld on the basis of attorney-client privilege was properly denied, because plaintiffs failed to make the requisite evidentiary showing to warrant either application of the crime-fraud exception or in camera review by this Court (see Matter of New York City Asbestos Litig., 109 AD3d 7, 10-11 [1st Dept 2013], lv dismissed 22 NY3d 1016 [2013]; Horizon Asset Mgt., Inc. v Duffy, 82 AD3d 442, 443 [1st Dept 2011]).
Plaintiffs' request to compel defendants to un-redact quality assurance information related to incidents involving other doctors was properly denied, because this information is irrelevant to plaintiffs' claims.
However, plaintiffs' request to compel defendants to un-redact the identities of nonparty participants in the quality assurance review process should be granted. Education Law § 6527(3) and Public Health Law § 2805-m protect documents "prepared by or at the behest of" a quality assurance committee (see Clement v Kateri Residence, 60 AD3d 527, 527 [1st Dept 2009]), as well as testimony regarding the proceedings of such a committee (see Chardavoyne v Cohen, 56 AD3d 508, 509 [2d Dept 2008]). However, they do not protect the mere identities of participants.
We have considered plaintiffs' remaining arguments and find them unavailing.
Defendants' request that we impose sanctions on plaintiffs was improperly based primarily on conduct subsequent to the issuance of the orders on appeal. M-1565 - Adam Brook, M.D., Ph.D. v Peconic Bay Medical Center
Motion to supplement the record denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK