Dawes v J. Muller & Co. (2019 NY Slip Op 07335)





Dawes v J. Muller & Co.


2019 NY Slip Op 07335


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10044 654585/17

[*1] Virginia Reddington Dawes, Plaintiff-Respondent-Appellant,
v
J. Muller & Company, et al., Defendants-Appellants-Respondents.


Frank M. Graziadei, P.C., New York (Frank M. Graziadei of counsel), for appellants-respondents.
Law Office of Michael K. O'Donnell, New York (Michael K. O'Donnell of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 4, 2019, which denied plaintiff's motion for partial summary judgment against defendants for disgorgement of compensation paid to them by plaintiff; granted the motion with respect to plaintiff's claim for an accounting; denied defendants' cross motion to dismiss the breach of fiduciary duty claims against J. Muller & Company (the Company) and J. Muller & Associates (Associates); and granted plaintiff's motion for leave to amend the complaint to add Josephine C. Muller in her individual capacity and DSJ, Inc., unanimously modified, on the law, to grant that portion of plaintiff's motion for partial summary judgment as to liability against Josephine C. Muller, in her capacity as Executor of the Estate of John Gerard Muller (decedent), and otherwise affirmed, without costs.
The court properly concluded that the complaint alleged a fiduciary relationship between plaintiff and the Company and Associates (see Schulhof v Jacobs, 157 AD3d 647 [1st Dept 2018]). Decedent was a principal in both entities; he had a fiduciary relationship with plaintiff; and the Company and its employees performed, at the least, accounting services for plaintiff. The court also correctly found that the proposed complaint stated a breach of fiduciary duty claim against Josephine C. Muller individually and DSJ, Inc., a company owned and used by decedent to transfer plaintiff's funds (see CPLR 3025[b]; Hospital for Joint Diseases Orthopaedic Inst. v Katsikis Envtl. Contrs., 173 AD2d 210 [1st Dept 1991]).
It is undisputed that Josephine was a partner in the company and that the company performed services for plaintiff. Under Partnership Law § 24, a partner is bound by a partner's wrongful act to the same extent as the offending partner. Partnership Law § 25 provides that a partnership is liable for a partner's breach of trust; and Partnership Law § 26(a) imposes liability on all partners jointly and severally for a partner's misconduct. Liability may be imposed even if a partner was unaware of the misconduct of the offending partner (see Clients' Sec. Fund of State of N.Y. v Grandeau, 72 NY2d 62, 67 [1988]).
With respect to DSJ Inc., the proposed complaint alleged that it was owned and controlled by decedent, and the proposed complaint and the accounting report stated that it was the recipient of funds from plaintiff's account. These allegations were sufficient to support the claims against it.
The Dead Man's Statute, CPLR 4519, does not harm plaintiff's case because she provided documentary evidence supporting her claims, such as decedent's use of a power of attorney to make a major gift to his daughter, despite the absence of a major gift rider in the power of attorney (General Obligations Law § 5-1514[4]).
The court properly declined to grant plaintiff summary judgment on her faithless servant claim with respect to the Company because defendants raised issues of fact as to whether the Company breached its duty of loyalty to the plaintiff. However, plaintiff's motion for summary [*2]judgment on her faithless servant claim should have been granted as to liability against the decedent as the parties do not dispute that decedent breached his duty of loyalty to the plaintiff. Josephine stated that the Company was paid solely for bookkeeping services, that all legal and accounting services were provided by decedent individually and that the Company had no part in the decedent's misconduct (see Feiger v Iral Jewelry, 41 NY2d 928 [1977]). Thus, plaintiff is entitled to a disgorgement of the fees which were paid to decedent individually (Feiger v Iral Jewelry, 41 NY2d 928 [1977]; Art Capital Group, LLC v Rose, 149 AD3d 447 [1st Dept 2017]).
The mere existence of a fiduciary relationship gives rise to a claim for an accounting (see Koppel v Wien, Lane & Malkin, 125 AD2d 230, 234 [1st Dept 1986]). Accordingly, the court properly granted plaintiff this relief in that there was no dispute that decedent had a fiduciary relationship with plaintiff and that Company performed services for her.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK