Homapour v Harounian (2022 NY Slip Op 07030)

Homapour v Harounian

2022 NY Slip Op 07030

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 653795/15 Appeal No. 16878 Case No. 2022-02421 

[*1]Mehrnaz Nancy Homapour, Individually and Derivatively on Behalf of 3M Properties, LLC, et al., Plaintiffs-Appellants,
v
Mark Harounian, et al., Defendants-Respondents, Orange & Blue LLC, et al., Defendants.

Oved & Oved LLP, New York (Glenn Lenihan of counsel), for appellants.
Pryor Cashman LLP, New York (William L. Charron of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about May 11, 2022, which granted defendants' notice of exception to a Special Referee's report and ordered that certain meeting notes were protected from disclosure by the attorney-client privilege, unanimously affirmed, with costs.
Following its in camera review, Supreme Court providently exercised its broad discretion in finding that notes of a meeting between defendant Mark Harounian and his divorce counsel were privileged even though they were created in the known presence of a third party — namely, nonparty Lennie Estipular, Harounian's long-term employee and personal assistant (see Horizon Asset Mgt., Inc. v Duffy, 82 AD3d 442, 443 [1st Dept 2011]). An agency agreement, prepared by Harounian's divorce counsel, designated Estipular as Harounian's agent in connection with the divorce proceeding, specifically stating that Estipular's activities were undertaken at counsel's direction and were intended to maintain and preserve privilege.
Contrary to plaintiff's assertion that Estipular could not have been Harounian's agent at the meeting between him and his counsel because she was not necessary to the transmission of legal advice, Estipular was, in fact, facilitating attorney-client communications by recording notes of the meeting, because her doing so allowed Harounian to listen rather than write. Therefore, the agency exception applies, and the privilege was not waived by Estipular's presence (see Ambac Assurance Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 624 [2016]; Robert V. Straus Prods. v Pollard, 289 AD2d 130, 131 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022