| **W. R. Cobb Co. v Ross Metals Corp.** |
|:---:|
| 2024 NY Slip Op 30775(U) |
| March 11, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160762/2022 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**     PART     14

*Justice*

---------------------------------------------------------------------------X

W. R. COBB COMPANY,

         Plaintiff,

- v -

ROSS METALS CORPORATION, ANGEL ROSS

         Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160762/2022 |
| MOTION DATE | 02/29/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56

were read on this motion to/for          JUDGMENT - SUMMARY          .

Plaintiff's motion for summary judgment is denied.

**Background**

Plaintiff contends that it entered into an agreement with defendant Ross Metals Corporation ("Ross Metals") wherein it was to provide jewelry materials. It asserts that defendant Angel Ross is Ross Metals' president and that he signed a personal guarantee in connection with Ross' purchases. Plaintiff claims it sent goods and defendants have refused to pay.

It moves for summary judgment and includes a document from November 2012 entitled "Domestic Customer Application Required for USA Patriot Act" (NYSCEF Doc. No. 29). Angel Ross signed a personal guarantee at the end of this document, which appears to contemplate that Ross Metals would purchase jewelry from plaintiff (*id*.). However, there are no specifics about how much Ross Metals was purchasing; in fact, the section that queries how

**160762/2022  W. R. COBB COMPANY vs. ROSS METALS CORPORATION ET AL**
**Motion No.  002**

Page 1 of 6

1 of 6

much Ross Metals planned to buy each month "in diamonds" is left blank (*id*.). Plaintiff also includes invoices that it claims show that defendants failed to pay for the shipments it sent.

In opposition, Angel Ross claims that it is his practice to pay for goods after they are delivered and acknowledges that his company, Ross Metals, purchased goods from plaintiff for many years (NYSCEF Doc. No. 37 at 1). However, he claims he did not receive the goods in question here and that he did not receive the subject invoices until 2022 (*id*.). Mr. Ross insists he promptly objected to those invoices after he received them (*id*.). He claims that "In January 2022, I discussed this issue with Plaintiff. I informed them that I was not going to pay these amounts without proof of delivery" and that "As I have stated to Plaintiff on numerous occasions, if they can show that the products I ordered were actually delivered to me, I will pay for them" (*id*. ¶¶ 6, 7).

In reply, plaintiff includes an "affirmation" from Mary White (plaintiff's credit manager) who points to various notes she took about plaintiff's shipments to Ross Metals. She points to UPS shipping sheet which she claims shows that the goods defendants ordered were shipped. Ms. White also claims she found a pickup summary from UPS which shows that these items were "picked up" by UPS. She contends that on January 28, 2022, defendants emailed plaintiff to say that the goods were not delivered and so she reached out to UPS. Ms. White observes that UPS told her too much time had passed to file a "lost package claim."

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York*

**160762/2022   W. R. COBB COMPANY vs. ROSS METALS CORPORATION ET AL**
**Motion No.  002**

**Page 2 of 6**

2 of 6

[* 2]

*Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id.*). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bonafide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

The Court denies the motion. As a preliminary finding, the Court observes that plaintiff did not meet its prima facie burden in it moving papers. The affidavit of Mary White is simply too conclusory and devoid of key details concerning the purported shipments to Ross Metals. For instance, Ms. White contends that "Defendants' default began on or around October 13, 2021 when the Defendants failed to remit payment to Plaintiff for goods provided to Defendants after Plaintiff provided an invoice for the goods" (NYSCEF Doc. No. 24, ¶ 8)). There are no details provided showing that plaintiff actually sent the invoices to defendants, when it sent the invoices, how they were sent or any proof that the goods were delivered. And Ms. White also contends that "After giving Defendants credit for all payments and credits, there is still due and owing the

**160762/2022   W. R. COBB COMPANY vs. ROSS METALS CORPORATION ET AL**        **Page 3 of 6**
  **Motion No.  002**

3 of 6

total sum of $54,773.55" (*id*. ¶ 9) but Ms. White does not provide or specifically mention what payments were made by defendants, how much, or when.

A review of the invoices, uploaded as a single 35-page exhibit, raises even more questions. There are invoices dated January 13, 2022 and January 28, 2022, February 1, 2022, February 14, 2022 and March 14, 2022 but Ms. White's affidavit (the only document submitted by someone with personal knowledge in support of the motion) makes no reference to these invoices.  She only cites that there was a default by defendants "on or around October 13, 2021."

Even if the Court could find that plaintiff satisfied its prima facie burden through the invoices, Mr. Ross raised a material issue of fact by claiming that he objected to these invoices after finally receiving them because he never received the goods.

Plaintiff's reply affirmation makes clear that there are issues of fact.  In it, plaintiff's attorney contends that "the purpose of this reply is to contest the credibility of the opposition submitted by Defendants in that the statements alleged are incorrect" (NYSCEF Doc. No. 48). Of course, it is axiomatic that "a credibility issue may not be resolved on a motion for summary judgment" (*Art Capital Group, LLC v Rose*, 149 AD3d 447, 448, 52 NYS3d 85 [1st Dept 2017]). To the extent that plaintiff attempts to attach UPS shipment details and purported notes from plaintiff's employees, that is improper as a party cannot raise issues for the first time in reply (*JPMorgan Chase Bank, N.A. v Luxor Capital, LLC*, 101 AD3d 575, 576, 957 NYS2d 45 [1st Dept 2012]).

Even if the Court could consider the plethora of exhibits submitted for the first time in reply, they do not establish that plaintiff is entitled to summary judgment.  The notes generated by Ms. White, even if they are admissible, suggest that defendants timely raised questions about whether the shipments were actually delivered to defendants (NYSCEF Doc. No. 42).  In fact, in

**160762/2022   W. R. COBB COMPANY vs. ROSS METALS CORPORATION ET AL**
  **Motion No.  002**

**Page 4 of 6**

one instance, Ms. White noted that "no delivery info available" in a note dated January 28, 2022 (*id*.). And plaintiff included email correspondence in which Ross Metals requested proof of delivery and Ms. White responded that she was sending a lost package claim (NYSCEF Doc. No. 46).

The notes of a sale representative for plaintiff (who did not submit an affidavit) also do not compel the Court to grant plaintiff summary judgment. These handwritten notes do not show as a matter of law that the items were delivered to defendants and when. Moreover, the shipping sheet dated October 13, 2021 lists Ross Metals as well as many other entities (NYSCEF Doc. No. 44). This does not show that items were picked up by a carrier and delivered to defendants. And neither does the UPS pickup report as it is a single page document with a bar code (NYSCEF Doc. No. 45). Of course, these two exhibits would appear to relate only to a shipment in October 2021 and not the later shipments for which plaintiff seeks recovery.

The central issue on this motion is that defendants claim that they never received these goods and plaintiff did not show any dispositive and specific proof that these shipments were delivered. Plaintiff makes a curious argument in reply that "A contract for goods is generally completed when the goods are given to the courier to deliver to the buyer" (NYSCEF Doc. No. 48, ¶ 9). But no caselaw is cited for that proposition.

The most applicable law, in this Court's view, is the UCC and, specifically, UCC 2-509, which governs the risk of loss in the absence of a breach. But these sections also raise issues of fact. Section one provides that:

> "(1) Where the contract requires or authorizes the seller to ship the goods by carrier
>
> (a) if it does not require him to deliver them at a particular destination, the risk of loss passes to the buyer when the goods are duly delivered to the carrier even though the shipment is under reservation (Section 2-505); but

**160762/2022   W. R. COBB COMPANY vs. ROSS METALS CORPORATION ET AL**    Page 5 of 6
**Motion No.  002**

5 of 6

[* 5]

(b) if it does require him to deliver them at a particular destination and the goods are there duly tendered while in the possession of the carrier, the risk of loss passes to the buyer when the goods are there duly so tendered as to enable the buyer to take delivery" (UCC 2-509[1]).

However, Section three states that "In any case not within subsection (1) or (2), the risk of loss passes to the buyer on his receipt of the goods if the seller is a merchant: otherwise the risk passes to the buyer on tender of delivery" (UCC 2-509[3]).

Here, the "contract" submitted is from 2012 and is completely silent on requiring plaintiff to ship goods via a carrier or to a specific destination (NYSCEF Doc. No. 29). In fact, this document appears to be an application to be a customer rather than a contract for the sale of goods as it does not mention anything about the goods to be sold or purchased. Therefore, there is clearly an issue of fact concerning who bears the loss of a shipment to the extent that the goods were never delivered. Of course, whether the goods were delivered is yet another issue of fact.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is denied.

See NYSCEF Doc. No. 33 concerning the next conference.

| 3/11/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160762/2022   W. R. COBB COMPANY vs. ROSS METALS CORPORATION ET AL**
**Motion No.  002**

**Page 6 of 6**

6 of 6