| TGT, LLC v Meli |
|:---:|
| 2024 NY Slip Op 31185(U) |
| April 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153682/2023 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-----------------------------------------------------------------------------X

TGT, LLC,

                            Petitioner,

                              - v -

JOSEPH MELI, RICHARD MELI, JESSICA MELI,
JACKSON MELI, JULIAN MELI, ANNA MELI, MARVIN
INGBER, PILIERO & ASSOCIATES PLLC, HOWARD
LEADER ATTORNEY AT LAW, MACHINE & THE BEAST,
LLC, PFY HOLDINGS, LLC, EDWARD JONES
INVESTMENTS, FARFETCH US HOLDINGS LTD.,
WHITE & WILLIAMS, LLP, and HECHT PARTNERS, LLP,

                              Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153682/2023 |
| MOTION DATE | |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162

were read on this motion to/for                  DISCOVERY               .

Upon the foregoing documents, it is

Petitioner TGT, LLC (TGT) moves pursuant to CPLR 3124 to compel respondent Hecht Partners, LLP (Hecht), judgment debtor Joseph Meli's (Joseph) former attorneys, to respond to TGT's judgment enforcement subpoena. (NYSCEF Doc No. [NYSCEF] 117, Subpoena).

The night before argument on the motion, Hecht served TGT with a privilege log (Privilege Log) containing over 700 entries. (NYSCEF 156, tr 27:3-28:3.) Many of the log entries asserted the common interest privilege as to communications involving Joseph's father, respondent Richard Meli (Richard). (*Id.* tr 27:8-28:10.) By interim order dated November 17, 2023, the court granted TGT's motion to the extent of

153682/2023  TGT, LLC vs. MELI, JOSEPH ET AL
Motion No. 003

Page 1 of 7

ordering Hecht to produce a disclosure statement listing Joseph's assets. (NYSCEF 127, Order.) It also directed Hecht to produce its engagement letters and common interest agreements. (*Id.*) The court then adjourned the motion, to provide TGT with time to review the Privilege Log, and directed the parties to provide additional briefing on the common interest privilege. (*See* NYSCEF 127, Order; NYSCEF 156, November 13, 2023 tr at 27:2-30:21; 33:7-23; NYSCEF 139, Privilege Log.)

Hecht contends that TGT is seeking the production of communications and documents that are protected from disclosure as: (1) attorney-client communications with Richard as Joseph's agent; (2) attorney-client communications with Joseph and Richard, who share a common legal interest in reasonably anticipated litigation; and (3) Hecht's work product. TGT argues that Hecht cannot meet its burden of demonstrating that any of these communications are privileged because: (1) there is no evidence in the record that Richard was acting as agent for Joseph or that Richard's participation was necessary to facilitate attorney-client communications; (2) Richard and Joseph shared a common personal/business interest in seeking to transfer assets into a trust for the benefit of Joseph's children, not a common legal interest in connection with any pending or reasonably anticipated litigation; and (3) the work product privilege does not attach to documents that could have been created by a layperson. TGT also argues that, under the crime-fraud exception, it is entitled to production of all communications, because there is probable cause to believe that Richard and Joseph sough Hecht's legal advice for an unlawful purpose (i.e. the transfer judgment debtor assets away from the reach of the judgment creditor).

> "Generally, communications made in the presence of third
> parties, whose presence is known to the [client], are not

**153682/2023  TGT, LLC vs. MELI, JOSEPH ET AL**
**Motion No.  003**

**Page 2 of 7**

2 of 7

[* 2]

privileged from disclosure because they are not deemed confidential. . . .

"As with any rule, there are exceptions. [The Court of Appeals] ha[s] held, for example, that statements made to the agents or employees of the attorney or client, or through a hired interpreter, retain their confidential (and therefore, privileged) character, where the presence of such third parties is deemed necessary to enable the attorney-client communication and the client has a reasonable expectation of confidentiality." (*Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 27 NY3d 616, 624 [2016] [internal quotation marks and citation omitted].)

Also, under the common interest exception,

"[d]isclosure is privileged between codefendants, coplaintiffs or persons who reasonably anticipate that they will become colitigants, because such disclosures are deemed necessary to mount a common claim or defense, at a time when parties are most likely to expect discovery requests and their legal interests are sufficiently aligned that the counsel of each [i]s in effect the counsel of all." (*Id.* at 628 [internal quotation marks and citations omitted]).

As concerns attorney work product, this privilege "applies only to documents prepared by counsel acting as such, and to materials uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal research, analysis, conclusions, legal theory or strategy." (*Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190, 190-191 [1st Dept 2005] [internal citation omitted]).

The application of a privilege is narrowly construed and the party asserting it has the burden of establishing a right to protection. (*Ambac Assur. Corp.*, 27 NY3d at 624)

Here, Hecht has fails to meet its burden. Hecht contends that Joseph "reasonably believed that his attorney's communications with him while he was incarcerated, through his father, would be confidential." (NYSCEF 152, Hecht's supplemental memorandum in opposition at 4). In support, Hecht points to various

[* 3]

indicia of Richard's agency. (S*ee id.* at 4-5, citing NYSCEF 141 [power of attorney naming Richard as Joseph's attorney-in-fact for "all acts directly and indirectly incident to the transfer of assets to the J4 Trust"], NYSCEF 5 [J4 Trust agreement naming Richard as trustee], and NYSCEF 154 [signature page of an engagement agreement with Hecht, signed on Joseph's behalf by Richard]). However, "[t]he scope of the privilege is not defined by the third parties' employment or function." Instead, "it depends on whether the client had a reasonable expectation of confidentiality under the circumstances." (*People v Osorio*, 75 NY2d 80, 84 [1989] [internal citations omitted].) Here, Hecht does not provide any evidence that Joseph had a reasonable expectation that communications between Hecht and Richard, in his capacities as Joseph's attorney-in-fact or trustee of the J4 Trust, would be confidential. (*Contra Homapour v Harounian*, 211 AD3d 508, 509 [1st Dept 2022] [finding privilege was maintained where, among other things, there was an agency agreement specifying that the agent's "activities were undertaken at counsel's direction and were intended to maintain and preserve privilege"]; *Spicer v GardaWorld Consulting (UK) Ltd.*, 181 AD3d 413, 414 [1st Dept 2020] [finding that the plaintiffs had "a reasonable expectation that the confidentiality of communications between their counsel and (their financial adviser) would be maintained" where "(p)laintiffs' counsel attested that (the financial adviser) promised to keep all such communications confidential" and the relevant transaction document "specified that all privileged documents related to the transaction would remain protected from disclosure to defendant even after closing."], lv to appeal dismissed, 37 NY3d 1084 [2021].) Moreover, Hecht fails to explain, much less offer any evidence of, how Richard's participation was necessary to facilitate attorney-client

153682/2023   TGT, LLC vs. MELI, JOSEPH ET AL
Motion No.  003

Page 4 of 7

communication. (*Contra Homapour*, 211 AD3d at 509 [finding that "the agency exception applie(d)," where the presence of the defendant's personal assistant, "in fact, facilitate(ed) attorney-client communications," because, "by recording notes of the meeting, . . . . (she) allowed (the defendant) to listen rather than write"]; *Spicer*, 181 AD3d at 414 [finding that the involvement of the plaintiffs' financial advisor "was necessary to enable attorney-client communication," where there was "unrebutted evidence reflect(ing) that (the financial adviser) spent some portion of its time helping counsel to understand various aspects of the transaction (to assist plaintiffs' counsel in providing legal advice)"]). Accordingly, Hecht fails to demonstrate that the agency exception preserves the attorney-client privilege as to communications involving Richard.

Hecht also fails to demonstrate that the common legal interest exception applies to its communications with Richard. Hecht contends that Joseph, as owner of the assets at the time of the engagement, and Richard, as trustee of the J4 Trust and Joseph's attorney-in-fact for purposes of transferring assets held by third parties into the trust, shared a common legal interest in seeking a legal defense as to assets that were not subject to the forfeiture orders and judgments issued in the criminal case against Joseph (*USA v Meli* [1:17-cr-00127, SD NY]), as they "reasonably-anticipated follow-on criminal-court litigations" to enforce those forfeiture orders and judgments. Hecht argues that "such enforcement litigation would necessarily bind Joseph Meli and Richard Meli to the same positions as they were both acting to fund the same trust." (NYSCEF 152, Hecht's supplemental memorandum in opposition at 7.) However, that Richard and Joseph sought to fund the J4 Trust without violating the forfeiture and

153682/2023  TGT, LLC vs. MELI, JOSEPH ET AL
Motion No. 003

Page 5 of 7

5 of 7

restitution orders and judgments against Joseph, does not mean that they reasonably anticipated litigation. By the time of Hecht's engagement, the criminal case against Joseph had concluded and Hecht provides no basis for why Joseph and Robert anticipated enforcement litigation. As "[t]here must be a substantial showing by the party attempting to invoke the protections of the privilege of the need for a common defense as opposed to the mere existence of a common problem." (*Matter of New York Counsel for State of California Franchise Tax Bd.*, 33 Misc 3d 500, 516 [Sup Ct, Westchester County 2011], *affd sub nom. Hyatt v State of Cal. Franchise Tax Bd.*, 105 AD3d 186 [2d Dept 2013] [ internal citation omitted] [explaining that the common interest exception "does not protect business or personal communications"]), Hecht fails to demonstrate that the common interest exception applies. (See *Ambac Assur. Corp.*, 27 NY3d at 629 [refusing to "to extend the common interest doctrine to communications made in the absence of pending or anticipated litigation"]).

Finally, with regard to Hecht's work product, TGT lists Privilege Log entries that improperly assert the privilege. (*See* NYSCEF 138, Burton affirmation, ¶ 24; NYSCEF 149 [TGT's list of Privilege Log entries that do not relate to legal advice yet assert the work product privilege]). These entries describe such tasks as, among other things, scheduling calls and discussing fees. (*See* NYSCEF 149). As none of these entries describe materials that are "uniquely the product of a lawyer's learning and professional skills" or "communication of a legal character," they are not privileged. (*Brooklyn Union Gas Co.*, 23 AD3d 191).

Having determined that the communications at issue are not privileged, the court does not reach the question of whether the crime-fraud exception applies.

**153682/2023   TGT, LLC vs. MELI, JOSEPH ET AL**
**Motion No. 003**

Page 6 of 7

[* 6]

6 of 7

Accordingly, it is hereby

ORDERED that TGT, LLC's motion is granted to the extent that Hecht Partners, LLP shall produce all communications involving respondent Richard Meli and items listed on NYSCEF 149 within 10 days from service of a copy of this order with notice of entry.

202A040720,5403AMASLEY3894C4196742461DBDF12386FC65586E

_____
4/7/2024
DATE

_____
ANDREA MASLEY, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

153682/2023   TGT, LLC vs. MELI, JOSEPH ET AL
Motion No.  003

Page 7 of 7

7 of 7

[* 7]