Denenberg v SDK Heiberger, LLP (2025 NY Slip Op 02003)

Denenberg v SDK Heiberger, LLP

2025 NY Slip Op 02003

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 655118/21|Appeal No. 3963&[M-1561]|Case No. 2023-05866|

[*1]Seth E. Denenberg, Plaintiff-Appellant,
v
SDK Heiberger, LLP, et al., Defendants-Respondents, Deborah J. Denenberg, Defendant.

Armstrong Teasdale LLP, New York (Keith D. Silverstein of counsel), for appellant.
Port & Sava, Lynbrook (George S. Sava of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about August 3, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to preclude plaintiff from offering documents at trial, unanimously modified, in the exercise of discretion, to deny the motion to the extent it sought to preclude plaintiff from using the Limited Liability Partnership Agreement of SDK Heiberger LLP (the partnership agreement) at trial, and otherwise affirmed, without costs.
Courts have "broad discretion in the supervision of pretrial disclosure" (Horizon Asset Mgt., Inc. v Duffy, 82 AD3d 442, 443 [1st Dept 2011]). Here, the motion court providently exercised that broad discretion, except to the extent indicated by our modification.
The parties entered into a stipulation to resolve a motion by defendants to strike plaintiff's pleadings or preclude the introduction of documents for failing to provide discovery in accordance with the court's order dated July 18, 2022. That order directed plaintiff to produce documents requested by defendants in their June 30, 2022 letter. The stipulation contained clear language that "[a]ny documents within Plaintiff['s] . . . possession or custody which have not been produced in discovery may not be used by the Plaintiff . . . at trial, presented at trial, or in any way referred to or alluded during the trial." This language was unambiguous, and clearly in exchange for defendants' withdrawal of their motion to strike. The court properly considered plaintiff's history of egregious noncompliance with discovery orders in strictly interpreting the plain language of the stipulation.
Nonetheless, plaintiff should not have been precludedfrom making use at trial of the partnership agreement, which created the law firm in which the parties were previously associated. It is undisputed that all parties are in possession of the partnership agreement, on which plaintiff's claims are based, as pleaded in the complaintand that the June 30, 2022 letter did not request production of the partnership agreement. Thus, plaintiff"s use of the partnership agreement would not surprise defendants or otherwise prejudice them in any way given that plaintiff is suing defendants for their alleged breach of the partnership agreement and that defendants are raising a similar cause of action as a counterclaim.Precluding plaintifffrom using the partnership agreement at trial would be tantamount to striking his complaint. For these reasons, we modify the order under review, in the exercise of discretion, solely to deny defendants' motion insofar as it sought to preclude plaintiff from using the partnership agreement at trial.
We have considered plaintiff's remaining contentions and find them unavailing.
M-1561 -Denenberg v SDK Heiberger, LLP, et al.
Motion to stay the trial scheduled to commence April 7, 2025 pending this decision on appeal, is denied as academic[*2].
 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025